## J. E. DANIEL v. BUTLER LUMBER COMPANY, INC.

(Filed 19 April, 1961.)

**Brokers and Factors § 6—**

Plaintiff's evidence is held insufficient to show that defendant or any authorized agent of defendant contracted with plaintiff to pay him a commission on the purchase price of any timber suitable to the needs of defendant which plaintiff should locate. Failure of plaintiff to comply with Rule 19(3) and Rule 27½ of the Rules of Practice in the Supreme Court is pointed out.

APPEAL by plaintiff from *Carr, J.,* October Civil Term, 1960, of WARREN.

Plaintiff, a resident of Warren County, alleged he entered into a contract with defendant, Butler Lumber Company, Inc., a Virginia corporation, whereby defendant agreed to pay plaintiff a commission of 5% of the purchase price of any timber or land "which the plaintiff could locate suitable to the needs of the defendant which the defendant subsequently purchased"; that plaintiff "located" several

such tracts, two of which, the "Ball" tract in Franklin County and the "Hall" tract in Warren County, were subsequently purchased by defendant for more than $212,000.00; and that plaintiff, under the alleged contract, was entitled to recover commission in an amount in excess of $10,600.00

Answering, defendant denied the alleged contract and indebtedness. Defendant admitted it purchased the "Ball" and "Hall" tracts.

At the close of plaintiff's evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*James D. Gilliland for plaintiff, appellant.*
*Banzet & Banzet for defendant, appellee.*

PER CURIAM. The only evidence by which plaintiff undertook to establish the alleged contract consisted of his testimony as to statements made to him by one John P. Forneau, defendant's former employee. The court, sustaining defendant's objections thereto, excluded this testimony.

It is well established that the nature and extent of an agent's authority may not be shown by extra-judicial declarations of such agent. Forneau did not testify. His employment by defendant had terminated, upon his resignation, on or about April 7, 1956. He was not present at the trial.

J. T. Butler, President, and Clyde R. Butler, Secretary and Treasurer, of defendant, were examined adversely by plaintiff. Their positive testimony is that Forneau had no authority to purchase and had not purchased land or timber for defendant and that Forneau had no authority to make a contract (in behalf of defendant) such as that alleged. Moreover, the evidence offered by plaintiff is insufficient to support a finding that Forneau, in making the statements attributed to him by plaintiff, was acting within the apparent scope of his authority as defendant's employee.

It is noted that all negotiations incident to the purchase by defendant of the "Ball" and "Hall" tracts were conducted by its said executive officers. Neither plaintiff nor Forneau participated in such negotiations. Indeed, it appears from plaintiff's testimony that he had had no conversation or contact with either of defendant's said executive officers at any time, that he did not know said negotiations were in progress, and that he just happened to learn that defendant had made such purchases a considerable length of time after such purchases had been consummated.

All of appellant's exceptions relate to the competency of excluded testimony and to his exception to the judgment of involuntary nonsuit. Upon consideration of all the evidence, that excluded as well as that admitted, we have reached the conclusion stated above.

Appellant's so-called "ASSIGNMENTS OF ERROR" do not comply with Rule 19(3), and appellant's so-called statement in his brief of "QUESTIONS INVOLVED" does not comply with Rule 27½. Rules of Practice in the Supreme Court, 221 N.C. 546, *et seq.* In each instance, appellant merely listed, *seriatim*, each of his seventy-two exceptions. Having considered the appeal fully on its merits, further discussion as to appellant's failure to comply with our rules is unnecessary.

The court's judgment of involuntary nonsuit is affirmed.

Affirmed.